**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RDJ BEVERAGES, INC. dba O'DONOVAN'S, a California corporation; et al.,

Plaintiffs,

v.

UNITED STATES LIABILITY INSURANCE COMPANY, a Nebraska corporation; et al.,

Defendants.

Case No.: 25-cv-02919-DMS-SBC

**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**[ECF Nos. 26, 27.]**

Before the Court is Plaintiffs RDJ Beverages, Inc. ("RDJ"), Jeffrey Mann, Rudolph Alanis, and Daniel Betancourt's motion for partial summary judgment ("Plaintiffs' MSJ"). (Pls.' MSJ, ECF No. 26-1.) Defendant United States Liability Insurance Company ("USLIC") opposed Plaintiffs' MSJ, (Def.'s Opp'n, ECF No. 31), and Plaintiffs replied in support of their MSJ, (Pls.' Reply, ECF No. 32). Also before the Court is Defendant's motion for summary judgment ("Defendant's MSJ"). (Def.'s MSJ, ECF No. 27.) Plaintiffs opposed Defendant's MSJ, (Pls.' Opp'n, ECF No. 30), and Defendant replied in support of its MSJ. (Def.'s Reply, ECF No. 33.) The parties also submitted stipulated facts for the cross-motions. (Stipulations ("Stip."), ECF No. 26-2.) The matter is suitable for resolution

without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 36.) For the following reasons, the Court **GRANTS** Plaintiff RDJ's Partial MSJ, and **DENIES** Defendant's MSJ.

## I. BACKGROUND

RDJ is a closely held corporation fully owned by three people: its CEO, Jeffrey Mann, its CFO, Rudolph Alanis, and its Secretary: Daniel Betancourt. (Compl., ECF No. 1, Ex. 1.) Plaintiffs owned and operated a tavern, O'Donovan's Restaurant & Pub ("O'Donovan's"), located in Pomona, California. (Stip. ¶ 2.)[1] O'Donovan's was in the business of serving alcohol. (Stip. ¶ 3.) Defendant issued a Commercial General Liability Policy to "RDJ Beverages dba O'Donovan's" for July 30, 2021 through July 30, 2022 ("the Policy"). (Stip. ¶ 1.) The Policy includes, in relevant part, liquor liability coverage[2]:

> a. [Defendant] will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of selling, serving or furnishing of any alcoholic beverage. [Defendant] will have the right and duty to defend the insured against any "suit" seeking those damages.
>
> . . .
>
> b. The insurance applies to "injury" only if:
>
> (1) The "injury" occurs during the policy period in the "coverage territory" and the "injury" is a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises" . . . .

(Stip. Ex. 1, 27, 45, ECF No. 26-4.)

On October 16, 2021, a patron of O'Donovan's, Miguel Serrano, got into a physical altercation with an O'Donovan's employee at the tavern ("Alleged Incident"). (Stip. ¶ 4.) Serrano alleges that while at O'Donovan's, he put his drinks down and came back to find

---

[1] Citations to "Stip." refer to the numbered stipulated facts in ECF No. 26-2.

[2] The Policy also includes third-person general liability and commercial property coverages, neither of which Plaintiffs seek coverage under and are therefore immaterial to the resolution of this motion. (*See* Def.'s MSJ 3; Pls.' Opp'n 4.)

them gone. (Serrano Compl. ¶ 8, ECF No. 26-9.) He then allegedly requested a refund since "the drinks were cleared without [his] consent" and was asked to leave by the security guard before being assaulted by him.[3] *Id.* On or about December 27, 2021, RDJ advised Defendant of a potential claim by Serrano. (Stip. ¶¶ 4-5.) In February of 2022, USLIC investigated the incident, interviewing third-party witnesses and RDJ's CEO, Jeffrey Mann. (Stip. ¶¶ 6–8.) Notes from conversations USLIC had with several witnesses to the encounter reflect that "[Serrano] appeared to be visibly intoxicated," (Stip. Ex. 3, 158, ECF No. 26-6), and that "[t]here were two guys that were told it was closing time. They were both intoxicated." *Id.* Moreover, USLIC's claim file states that "the claimant and another patron were being escorted from the premises with signs of intoxication." (Pls.' MSJ Ex. B, ECF No. 26-17.)

On or about June 28, 2023, Serrano sent a demand letter to Defendant. (Stip. ¶ 9.) USLIC sent a letter to Mann on July 17 and 19, 2023, explaining that the Policy does not provide coverage for Serrano's claim, that it has no duty to provide a defense or indemnity, and it will not be making any payment in response to the demand. (Stip. ¶ 12.) USLIC's stated rationale was that "this matter does not involve an 'injury' for which an insured's liability is imposed by reason of the selling, serving or furnishing of any alcoholic beverage." (Stip. Ex. 8, 201, ECF No. 26-11.) On July 20, 2023, Serrano filed suit in the Los Angeles Superior Court against O'Donovan's and RDJ, alleging assault, battery, intentional infliction of emotional distress, negligence, and negligent hiring, supervision and retention ("Underlying Action"). (Stip. ¶ 10.) Upon receipt of Serrano's complaint, RDJ tendered its defense to Defendant; however, Defendant did not provide a defense to RDJ in the Underlying Action. (Stip. ¶¶ 11, 13.) Plaintiffs did not appear or defend themselves in the Underlying Action. (Stip. ¶ 14.) On June 27, 2024, the Los Angeles County Superior Court entered default against RDJ in the Underlying Action. (Stip. ¶ 15.) On or about October 9, 2025, Serrano filed a default package in the Underlying Action

---

[3] While the parties do not agree to the exact details of the events causing or leading up to the Alleged Incident, the Court finds such facts not necessary to resolve the cross-motions.

consisting of a proposed default judgment and supporting papers. (Stip. ¶ 16.) On February 4, 2026, the Los Angeles County Superior Court entered default judgment in favor of plaintiff Serrano against RDJ in the amount of $783,984.37. (Stip. ¶ 17.)

Plaintiff initiated this action on July 16, 2025, in Los Angeles Superior Court, suing for (1) breach of Defendant's contractual duty to defend ("Claim 1"); (2) breach of covenant of good faith and fair dealing ("Claim 2"); and (3) declaratory relief, seeking a declaration that Defendant had a duty to defend the Underlying Action ("Claim 3"). (Compl., ECF No. 1, Ex. 1.) Defendant removed to federal court on August 18, 2025. (ECF No. 1.) The parties stipulated to transfer the case to the Southern District of California. (*See* ECF No. 11.) Plaintiff moves for summary judgment on Claims 1 and 3. (Pls.' MSJ 5.) Defendant moves for summary judgment on all claims. (Def.'s MSJ 2.)

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 963-64

(9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The "interpretation of insurance contracts raise questions of law and thus are particularly amenable to summary judgment." *Sentex Sys., Inc. v. Hartford Acc. & Indem. Co.*, 882 F. Supp. 930, 936 (C.D. Cal. 1995), *aff'd*, 93 F.3d 578 (9th Cir. 1996), and *abrogated by Simply Fresh Fruit, Inc. v. Cont'l Ins. Co.*, 84 F.3d 1105 (9th Cir. 1996) (citation omitted).

## III. DISCUSSION

### A. Standing

Before reaching the merits, the Court addresses whether Plaintiffs Jeffrey Mann, Rudolph Alanis, and Daniel Betancourt—RDJ's sole shareholders and its CEO, CFO, and Secretary, respectively—have standing to pursue Claim 2: breach of the implied covenant of good faith and fair dealing.[4] Mann, Alanis, and Betancourt ("the Shareholders") are not parties to Claims 1 or 3, which are brought by RDJ alone. Defendant suggests that the Shareholders lack standing because "they have made no showing that they are entitled to coverage under the Policy, nor how they may face potential liability through the Underlying Action." (Def.'s Opp'n 13-14.)

The Policy includes the Shareholders as insureds, reading: "Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders." (Stip. Ex. 1, 29.) *See Seretti v. Superior Nat. Ins. Co.*, 71 Cal. App. 4th 920, 928–29 (1999) (recognizing that "[a] person can be deemed an 'insured' by virtue of fitting into an expressly defined category of those for whose benefit the policy was

[4] The Defendant's denial of defense to RDJ, (Stip. Ex. 8, ECF No. 26-11), and the subsequent default judgment issued against RDJ in the Underlying Matter, (Stip. Ex. 10, ECF No. 26-13), constitute concrete and particularized injuries sufficient to confer standing on RDJ for all three of its claims.

created"). "We thus conclude that where, as here, shareholders of a closely held corporation are joint insureds with it, the insurers' implied covenant of good faith and fair dealing runs to the shareholders as well as to the corporation and that the shareholders may pursue a cause of action for its breach." *Truestone, Inc. v. Travelers Ins. Co.*, 55 Cal. App. 3d 165, 171 (1976). The guiding question is not, as Defendant contends, whether the Shareholders were named in the Underlying Action, but whether they are in privity of contract with USLIC. *See Seretti*, 71 Cal. App. 4th at 929 (noting that "[p]rivity of contract with the insurer is essential to an implied covenant action against the insurer") (citation omitted).

As insured parties under RDJ's contract with USLIC, the Shareholders have standing to sue USLIC for breach of the implied covenant of good faith and fair dealing. *See Truestone,* 55 Cal. App. 3d at 171 (reversing dismissal of a closely held corporation's shareholders' personal breach-of-covenant claim because, as insureds, "the covenant of good faith and fair dealing . . . ran equally to them").

**B. USLIC Breached Its Duty to Defend RDJ (Claims 1 and 3)**

"[A] liability insurer owes a broad duty to defend its insured against claims that create a *potential* for indemnity." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 295 (1993) (quoting *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993), as modified on denial of reh'g (May 13, 1993)). To prevail on a motion for summary judgment regarding the duty to defend, "the insured must prove the existence of a *potential for coverage*, while the insurer must establish the *absence of any such potential*. In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*." *Id.* at 300. "The insurer is relieved of its duty only when 'the third-party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage.'" *McMillin Companies, LLC v. Am. Safety*

*Indem. Co.*, 233 Cal. App. 4th 518, 530 (2015) (quoting *Montrose*, 6 Cal. 4th at 300) (alteration in original) (emphasis omitted).

Plaintiff contends that the initial complaint, when read together with the facts made known to Defendant during its investigation, establishes, at minimum, the *potential* need for coverage, and, thus, the duty to defend. (Pls' MSJ 10). USLIC argues that it did not have a duty to defend RDJ in the underlying matter because (1) the Alleged Incident constituted battery and was thus excluded under Defendant's general liability policy, (2) even under the liquor liability policy, the complaint did not allege that Serrano's underlying injury was based on O'Donovan's sale or service of furnished alcoholic beverages, and (3) California's dram shop statutes fully immunized RDJ from liability, foreclosing any duty to defend. (Def.'s MSJ.) The Court will address each of the Defendant's arguments in turn.

**1. Policy Provisions**

USLIC argues that the Underlying Action is ineligible for coverage under its policy's "general liability coverage part" because that provision excludes coverage for assault or battery and the Alleged Incident involved a battery. (Def.'s MSJ 7-10.) That provision, however, is irrelevant to the case, as RDJ explains, because Plaintiffs are seeking coverage under the liquor liability component of their insurance plan, which does not include such an exception. (Pls.' Opp'n 7.) Defendant has not contested this. In fact, the liquor liability component of the policy contains its own assault and battery sublimit, indicating that such injuries are expressly *included*. (Stip. Ex. 1, 3, 7.) As such, USLIC's arguments about a policy provision under which RDJ does not seek relief fail to demonstrate that the Underlying Action put RDJ at zero risk of liability, as is required for the insurer to prevail on a motion for summary judgment on the duty to defend. *Montrose*, 6 Cal. 4th at 300.

**2. USLIC Was on Notice of a Potentially Covered Claim**

The liquor liability policy covers incidents where the "'injury' is a direct result of the selling, serving or furnishing of any alcoholic beverage at the 'insured premises.'" (Stip. Ex. 1, 45.) Defendant argues that no duty to defend arose because the complaint in

the Underlying Action "includes *no allegations* regarding the selling, serving, or furnishing of an alcoholic beverage *to anyone*" and that RDJ's case relies on "speculation" regarding "claims that could theoretically exist but are not actually pled."[5] (Def.'s MSJ 11.) Defendant also argues that its duty to defend did not arise because the Underlying Action failed to allege an injury "directly caused" by the service of alcohol. *Id.*

However, California law is clear that "[i]f any facts stated in or fairly inferable from the complaint, or otherwise known or discovered by the insurer, suggest a claim *potentially* covered by the policy, the insurer's duty to defend arises." *Albert v. Truck Ins. Exch.*, 23 Cal. App. 5th 367, 377-78 (2018) (emphasis added). "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Montrose*, 6 Cal. 4th at 299-300.

USLIC was aware of facts that raised the potential of coverage under its policy, thus triggering its duty to defend. Notes from USLIC's interview with Stephanie Jimenez, described as a "forthcoming" and "credible" witness, read: "[Serrano] appeared to be visibly intoxicated." (Stip. Ex. 3.) Another witness told USLIC: "There were two guys that were told it was closing time. They were both intoxicated." *Id.* Moreover, USLIC's own claim file states that "the claimant and another patron were being escorted from the premises with signs of intoxication." (Stip. Ex. B.) USLIC had all this information as of February 2022 (Stip. ¶¶ 6-8)—before it denied RDJ's claim in July of 2023. (Stip. ¶ 12.)

The facts made available to USLIC through both Serrano's complaint and its investigation of the Alleged Incident were sufficient to put USLIC on notice of a claim that *could* be covered under the Policy—enough to trigger its duty to defend. *Montrose*, 6 Cal. 4th at 300 ("The duty to defend is determined by reference to the policy, the complaint,

[5] Unlike in *Gunderson*, RDJ's claims require no speculation about extraneous facts: USLIC knew of an altercation involving intoxicated patrons, which is enough to trigger the potential for policy coverage. *See Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1114 (1995) (noting that the insurer's knowledge is drawn from known facts derived "both from the allegations on the face of the third-party complaint, and from extrinsic information available to it at the time"). The additional cases cited by Defendant to support its position on this point are either unpublished or inapposite.

and *all* facts known to the insurer from any source."); *See Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276 (1966) ("Defendant cannot construct a formal fortress of the third party's pleadings and retreat behind its walls . . . [W]e should hardly designate the third party as the arbiter of the policy's coverage."). Plaintiiffs did not need to prove that the Alleged Incident was directly caused by the sale, service, or furnishing of alcohol for USLIC to defend the Underlying Claim. *See Wausau Underwriters Ins. Co. v. Unigard Sec. Ins. Co.*, 68 Cal. App. 4th 1030, 1038 (1998) ("If the extrinsic evidence goes no farther than 'maybe' and 'perhaps,' the insurer continues to have a duty to defend, because the extrinsic evidence does not conclusively establish that the alleged damages 'cannot' fall within the scope of coverage.") Under a contractual duty to defend RDJ, USLIC's failure to do so constituted breach. Accordingly, Plaintiffs are entitled to partial summary judgment on the duty to defend, regarding both Claims 1 (breach of contract) and 3 (declaratory judgment). Defendant's MSJ is denied on both counts.

**3. Dram Shop Immunity Does Not Apply**

USLIC argues that California's dram shop statutes bar any claim arising from Serrano's injury as a matter of law, foreclosing its duty to defend. (Def.'s Opp'n 10.) We disagree. The primary dram shop liability statute, Section 25602(b), immunizes those who provide alcohol beverages from civil liability for "injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage." Because the parties offer competing reasonable interpretations,[6] the statute is treated as ambiguous. *See People v. Hernandez*, 93 Cal. App. 5th 1, 6 (2023). In the face of this ambiguity, the Court can

[6] Defendant argues that the statute bars civil liability for any injury that results from intoxication, whether or not caused by an intoxicated person, (Def.'s Reply 8), whereas Plaintiffs argue that the statute only applies where an intoxicated person inflicts the injury upon another. (Pls.' Opp'n 13.)

look to "a variety of extrinsic aids, including . . . the statutory scheme of which the statute is a part." *Id.* (quoting *Nolan v. City of Anaheim*, 33 Cal. 4th 335, 340 (2004)).

The relevant statutory scheme confirms that USLIC's interpretation fails. Sections 1714(b) of the California Civil Code and 25602(b) of the California Business and Professions Code were both added as part of a coordinated legislative effort in 1978 to abrogate liability for alcohol furnishers. *See Strang v. Cabrol*, 37 Cal. 3d 720, 722-25 (1984).

Section 1714(b) provides:

> "It is the intent of the Legislature to . . . reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of *injuries inflicted upon another by an intoxicated person*."

Section 25602 provides, in pertinent part:

> (b) "No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage . . . shall be civilly liable to any injured person or the estate of such person *for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.*
>
> (c) The Legislature hereby declares that *this section shall be interpreted* . . . in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of *injuries inflicted upon another by an intoxicated person*." (emphasis added)

Read together, these provisions demonstrate that the California legislature explicitly decided to frame Section 25602(c) as an explicit interpretive demand, narrowing subsection (b)'s reference to injuries inflicted "as a result of intoxication by the consumer" specifically to "injuries inflicted upon another by an intoxicated person," while letting 1714(b) stand as an independent rule of law. *See Fiorini v. City Brewing Co., LLC*, 231 Cal. App. 4th 306, 318–19 (2014) (emphasis omitted). As such, subsection (c) clarifies

that the preceding section creates immunity specifically for injuries "inflicted upon another by an intoxicated person," § 25602, and *not* for merely any injury potentially caused by the actions of an intoxicated person who is later injured, as USLIC suggests.[7] (Def.'s Reply 8.)

Having decided Section 25602 does not apply, the Court declines to reach the parties' arguments about whether the statute impacts RDJ's liability under a theory of respondeat superior. "An insurer is relieved of its duty [to defend] only when 'the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage.'" *McMillin Companies, LLC v. Am. Safety Indem. Co.*, 233 Cal. App. 4th 518, 530 (2015) (emphasis omitted) (alteration in original) (quoting *Montrose*, 6 Cal. 4th at 300). Having already identified one such issue, the Court need not determine whether respondeat superior would independently supply another.

**C. Good Faith and Fair Dealing (Claim 2)**

Defendant also argues that it is entitled to summary judgment on Plaintiff's claim for breach of the covenant of good faith and fair dealing because, in its eyes, there was no breach of contract. (Def.'s MSJ 16.) However, as discussed above, Defendant did, in fact, breach its contractual duty to defend RDJ in the Underlying Action, so it is not entitled to judgment as a matter of law on this claim. "Breach of an insurer's duty to defend violates a contractual obligation and, where unreasonable, also violates the covenant of good faith and fair dealing, for which tort remedies are appropriate." *Amato v. Mercury Cas. Co.*, 53

---

[7] The cases offered by USLIC in support of its interpretation of the statute also fail to support its position. *Camp Richardson* is distinguishable, as it involved the precise type of situation envisioned by the statute: injuries inflicted by the plaintiff's intoxicated patrons. *See Camp Richardson Resort, Inc. v. Philadelphia Indem. Ins. Co.*, 150 F. Supp. 3d 1186, 1196 (E.D. Cal. 2015). Moreover, *N. E. Ins. Co. v. Masonmar, Inc.* is inapposite—it covers the duty to indemnify, which is narrower than the duty to defend. No. 1:13-CV-364 AWI SAB, 2014 WL 1247604 (E.D. Cal. Mar. 25, 2014); *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993), *as modified on denial of reh'g* (May 13, 1993) (stating that "the duty to defend is broader than the duty to indemnify[.]"). Finally, USLIC's citations to *Leong* (Def.'s Opp'n 8), and *Ennabe* (Def.'s Opp'n 12; Def.'s Reply 9) merely recite the statute and do nothing to support its proposed reading of Section 25602. *Leong v. San Francisco Parking, Inc.*, 235 Cal. App. 3d 827 (1991); *Ennabe v. Manosa*, 58 Cal. 4th 697 (2014).

Cal. App. 4th 825, 831 (1997). Defendant's argument rests solely on the absence of any breach and does not separately contend that its refusal to defend was reasonable as a matter of law. As such, Defendant's MSJ is denied without reaching reasonableness, which will be resolved as Claim 2 proceeds on the merits.

## IV. CONCLUSION AND ORDER

Based on the foregoing reasons, the Court **GRANTS** Plaintiffs' Partial MSJ as to Claims 1 and 3 and **DENIES** Defendant's MSJ as to all Claims.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Hon. Dana M. Sabraw
United States District Judge